UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. BURGIO, Sr.<br>    Plaintiff<br><br>v.<br><br>CASHCALL, INC. and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>    Defendants | CASE NUMBER:<br><br><br><br><br><br><br><br><br>JUNE 10, 2010 |

## I. INTRODUCTION

1. This is a suit brought by a consumer, Michael Burgio, Sr., against CashCall, Inc. and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. This suit also includes pendent State law claims against the Defendants for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*. and against Defendant CashCall, Inc. for breach of contract.

## II. PARTIES

2. Plaintiff, Michael Burgio, Sr., is a natural person residing in Waterbury, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant CashCall, Inc. ("CashCall") is a Delaware corporation located in California that engages in lending small, unsecured cash loans to consumers and is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15

U.S.C. § 1681s-2.

4. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation located in California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff had taken out an unsecured loan from CashCall (the "Account"), and a lawsuit arose regarding the Account.

9. In settlement of the aforementioned lawsuit, in January of 2009, Plaintiff and CashCall entered into a settlement agreement (the "Agreement") pursuant to which CashCall agreed that it would not attempt to collect or assign the claimed debt and that it would request the deletion of any negative credit reporting with respect to the Account.

10. Notwithstanding that agreement, CashCall continued to report the Account as a negative item on Plaintiff's Experian report dated September 22, 2009.

11. On November 3, 2009, Plaintiff, through counsel, prepared and sent by certified mail a dispute letter to Experian, which letter informed Experian of the Agreement and demanded that Experian delete the tradeline associated with the Account pursuant to the Agreement.

12. On November 5, 2009, Experian received Plaintiff's November 3, 2009 dispute letter.

13. On November 25, 2009, Experian provided a credit report to Plaintiff that reported the Account as a negative item.

14. On or around February 9, 2009, Eaglemark Savings Bank sent Plaintiff a letter notifying him that it had denied his application for credit based upon negative information contained in his Experian report.

### FIRST CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*
### Defendant CashCall

15. Plaintiff incorporates Paragraphs 1-14.

16. CashCall is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

17. Pursuant to FCRA § 1681s-2(b), CashCall has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Experian. CashCall knew or should have known, when it received notice of Plaintiff's dispute of the account from Experian, that it was reporting the Account inaccurately and that Plaintiff disputed the Account, particularly given the Agreement.

18. CashCall violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's dispute when requested to do so by Experian and by its failure to inform that consumer reporting agency to remove the Account from Plaintiff's credit report pursuant to the terms of the Agreement.

19. CashCall's failure to correct the disputed information and its continued incurrate reporting to third parties constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

20. As a result of CashCall's failure to correct the disputed information, Plaintiff suffered an adverse action.

21. For its willful violations of the FCRA, CashCall is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

22. For its negligent violations of the FCRA, CashCall is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

## SECOND CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*
### Defendant Experian

23. Plaintiff incorporates Paragraphs 1-14.

24. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

25. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Experian.

4

26. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the Account when requested to do so.

27. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CashCall constitute willful and/or negligent violations of FCRA § 1681i.

28. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

29. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff suffered an adverse action.

30. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

31. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

### THIRD CAUSE OF ACTION
### Breach of Contract
### Defendant CashCall

32. Plaintiff incorporates Paragraphs 1-14.

33. CashCall breached the Agreement by failing to request the deletion of the negative reporting of the Account with respect to Plaintiff's Experian report.

34. CashCall is liable to Plaintiff for his damages.

## FOURTH CAUSE OF ACTION
### Violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq.*
### Defendant Experian

35. Plaintiff incorporates Paragraphs 1-14.

36. Experian violated CUTPA by failing to perform a reasonable investigation in response to Plaintiff's dispute and by failing to follow reasonable procedures regarding the reporting of the Account.

37. Experian's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

38. Plaintiff suffered an ascertainable loss as a result of Experian's aforementioned actions.

39. Experian violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

## FIFTH CAUSE OF ACTION
### Violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq.*
### Defendant CashCall

40. Plaintiff incorporates Paragraphs 1-14.

41. CashCall violated CUTPA by failing to perform a reasonable investigation when it received from Experian notice of Plaintiff's dispute, by failing to request that Experian delete the Account pursuant to the Agreement, and by its continued reporting of the Account to Experian in breach of the Agreement .

42. CashCall's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

43. Plaintiff suffered an ascertainable loss as a result of CashCall's aforementioned actions.

44. CashCall violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; monetary damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, MICHAEL A. BURGIO, Sr.

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mgraeber@consumerlawgroup.com